EVERETT H. ADAMS
*vs.*
HARRY ARTUS

Piscataquis.    Opinion, January 23, 1958

*Louis Villani,*
*John L. Easton,* for plaintiff.

*Judson C. Gerrish,*
*W. R. Atherton,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, BELIVEAU, TAPLEY, SULLIVAN, DUBORD, JJ.

BELIVEAU, J. On motion for a new trial. The writ in this action contained two counts, one alleging alienation of affection and the other criminal conversation. The jury found for the plaintiff and assessed damages in the amount of five thousand dollars.

It is admitted that the plaintiff Everett H. Adams and his former wife, Maxine V. Adams, were husband and wife and were living together as such up to September 1, 1955, at Milo in this State. They were divorced in 1955 on the husband's petition.

The rule is well established in this State that the verdict will not be set aside unless it appears to be clearly wrong.

The evidence submitted to the jury, by both sides, during the trial, raised a question of fact and made it essentially a jury question. The jury having accepted the plaintiff's version of what occurred, based on testimony heard by them, and proper and reasonable inferences to be drawn from that testimony, their verdict should not be disturbed. There is ample evidence to justify the jury's verdict.

Before the separation of the plaintiff and his former wife, and for many years prior thereto, the defendant, a widower, visited the home of the plaintiff frequently. Many of these visits, according to the testimony of some of the neighbors, occurred in the evening while the plaintiff was away at work. These neighbors further testified that the house, on many of these occasions, was in absolute darkness; that the defendant was seen going upstairs where the bedrooms were situated and that several times they were seen embracing each other. There is also testimony that he remained over night at a camp occupied by the plaintiff's former wife, alone with her and a young child; that the former wife accompanied the defendant to Boston and other places on trips which at times were of several days' duration. In Boston

they were guests at the same hotel, sometimes for several nights.

It further appears, in the testimony, and admitted by the defendant, that he bought presents, some of these costly, and that he had a safe deposit box in Bangor in their joint names. The defendant admits to many of the visits to the plaintiff's home, trips alone with the plaintiff's former wife but maintained that nothing of an improper nature ever occurred. Defendant, older than the former wife, testified he had known her since she was a young girl and his affection for her was no more than a father would have for his daughter.

It is difficult from the evidence in the case to expect the jury, familiar with human weaknesses, to believe this story.

There was sufficient evidence to support both counts. The jury could well have been satisfied not only that the defendant alienated the affections of the plaintiff's wife but that they were also guilty of improper conduct.

It was within the province of the jury to assess, in addition to the actual damages, punitive or exemplary damages, if they believed the situation was serious enough.

*Motion denied.*